David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, California 90405
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, California 90046
Telephone: (917) 657-6857
Facsimile: (877) 501-3346

Ethan Preston (SBN 263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiffs Lynn Slovin, Samuel Katz, Jeffery Price, and Justin Birkhofer, on their own behalf, and on behalf of all others similarly situated*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN SLOVIN, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Movants,<br><br>v.<br><br>CALLFIRE, INC., a California corporation,<br><br>Respondent. | No.<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION TO COMPEL PRODUCTION BY CALLFIRE, INC.**<br><br>Originating Case: *Slovin v. SunRun, Inc.*, No. 4:15-cv-05340-YGR, before the United States District Court for the the Northern District of California |

# MEMORANDUM SUPPORTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION FROM CALLFIRE

Plaintiffs Lynn Slovin, Samuel Katz, Jeffery Price, and Justin Birkhofer ("Plaintiffs') submits their memorandum in support of their Motion to compel to compel CallFire, Inc. ("CallFire") to comply with subpoenas and other relief under Federal Rule of Civil Procedure 45.

## I. Plaintiffs Served a Valid Subpoena

Plaintiffs have brought a class action under the Telephone Consumer Protection Act against Defendants Sunrun, Inc. and Clean Energy Experts, LLC. ("Defendants"). Defendants are CallFire's customers and used CallFire's services to make telemarketing calls during the relevant period. On April 13, 2017, Plaintiffs served a subpoena on CallFire. (Parasmo Decl. ¶3.) The subpoena seeks three categories of documents: (1) call records, (2) CallFire's contracts with Defendants, and (3) CallFire's "billing and/or account communications" with Defendants concerning Interactive Voice Response software:

> 1. All call detail records for inbound calls, outbound calls, and all calls routed or transferred to Clean Energy Experts, LLC from November 20, 2011 through March 1, 2014. All Documents produced in response to this Document Request shall identify the following:
>    a) The originating party (i.e., the telephone number of the party originating the call).
>    b) The terminating party (i.e., the telephone number of the party receiving the call);
>    c) The dialed number (i.e., the number that the originating party dialed);
>    d) The date the call was initiated (i.e., month, day, year).
>    e) The time the call was initiated (i.e., hour, minute, second).
>    f) The duration of the call (i.e., hours, minutes, seconds).
>    g) Any call features and/or feature codes applied to the call (e.g., call-forwarding, call-forwarding to voicemail, forward-to number, call-waiting, three-way calling, interactive voice response, etc.).
>    h) Original originating number (i.e., the number that originated the call before call forwarding was invoked).
>    i) Carrier Identification Code ("CIC") for interexchange carrier calls;
>    j) Telephone switch identification originating the call; and
>    k) Telephone switch identification terminating the call.
> 2. All contracts and/or agreements between CALLFIRE and Clean Energy Experts, LLC which were in effect from November 20, 2011 to the present.

> 3. All billing and/or account communications between CALLFIRE and Clean Energy Experts, LLC, concerning Interactive Voice Response software features and/or pre-recorded message services.

(*Id.*) On April 26, 2017, CallFire served its response, which consisted entirely of objections to production, and included no documents. (*Id.* ¶4.) CallFire objected the subpoena's first category (call detail records) sought "information of a confidential or proprietary nature," was "overbroad, unduly burdensome," and irrelevant. (*Id.*) CallFire objected the subpoena's second and third categories (contracts and IVR-related communications) were "unduly burdensome because Plaintiff may obtain the requested documents from the Defendant." (*Id.*)

## II.   CallFire Ignored Plaintiffs' Efforts to Meet and Confer

Counsel for Plaintiffs and CallFire had one initial telephone call shortly after CallFire served its response, in which Plaintiffs proposed a compromise—a greatly narrowed production that would help assess whether further productions were necessary. (*Id.* ¶5.) Since then, CallFire has doggedly ignored Plaintiffs' efforts to meet and confer. (*Id.*) On May 25, 2017, Plaintiffs' counsel emailed CallFire's counsel seeking to continue the meet and confer process, but CallFire's counsel did not respond. (*Id.* ¶6.) Plaintiffs' counsel then left several messages for CallFire's counsel, but CallFire did not respond. (*Id.*) On June 3, 2017 Plaintiffs' counsel emailed CallFire's counsel to propose a date and time to meet and confer telephonically, and advised CallFire's counsel that "Plaintiffs are preparing a motion to compel, but are hoping the parties can resolve the dispute without Court intervention." (*Id.* ¶7.) Again, CallFire made no response. (*Id.*)

On June 13, 2017, Plaintiffs' counsel served a letter under Local Rule 37-1, but CallFire never met and conferred with Plaintiffs (and, indeed, never responded at all). (*Id.* ¶8.) Hence, Plaintiffs proceed under the ordinary motion practice rules under Local Rule 7, rather than Local Rule 37. *Cf.* L.R. 37-2.4.

## III.   CallFire's Response Is Deficient Because It Does Not Indicate What Documents CallFire Has Withheld

As a general matter, CallFire's response is deficient because it does not

provide any indication of what documents it has withheld. A party responding to discovery cannot "combine its objections with a partial response, without any indication that the response was, in fact, partial." *Haeger v. Goodyear Tire & Rubber Co.*, 906 F. Supp. 2d 938, 976 (D. Ariz. 2012). "[A]ny objection must identify the particular portion which is not being responded to on the basis of the objection." *Id*. "The purpose of the specific objection requirement is to provide the party seeking discovery with a basis for determining what documents [have been] withheld." *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 183 (E.D. Cal. 1991). *Haeger* and *Eureka* deal with parties' responses to discovery (under Rule 34), but the same analysis and result apply with respect to subpoenas to third parties under Rule 45:

> The same rationale for requiring that a party objecting to a request for production of documents under [Rule] 34(b) must submit a written response specifying the objection to each category applies equally to the response to a subpoena duces tecum. This gives each party the opportunity to analyze the request and the corresponding objection, and gives the court a fuller record on which to base its ruling. It also provides some assurance that the party asserting the privilege has directed his or her attention to the scope of the claim being asserted.

*United States v. O'Neill*, 619 F.2d 222, 225-26 (3d Cir. 1980). *See also* Fed. R. Civ. P. 45 advisory committee's note to 1970 amendment ("the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules").

Plaintiffs' Local Rule 37-1 letter asked CallFire "to give a full description of what documents it has (and how it can search and produce those documents, and the attendant burdens)," and indicated that they could "much better tailor CallFire's production in a manner that serves both our clients' interests if we have a full understanding of the pragmatic constraints on CallFire's production." (Parasmo Decl. ¶8.)

**IV.   CallFire's Objections Are Meritless**

CallFire's objections were meritless. They are boilerplate objections that do

Memorandum Supporting Motion to Compel CallFire     3

not require substantial discussion, but Plaintiffs nevertheless endeavored to clarify to CallFire that its objections lacked merit in their Local Rule 37-1 letter. (*See id.* ¶8.) However, CallFire ignored the Local Rule 37-1 letter, and so Plaintiffs were never able to obtain any additional information about the real reasons why CallFire refused to produce documents (if any). (*Id.* ¶¶4-8.)

### A. The Originating Court Has Already Entered a Stipulated Protective Order That Protects Confidential Information

CallFire objects to the production of call detail reports ("CDRs") on the basis that the subpoena "seeks information of a confidential or proprietary nature." (*Id.* ¶4.) However, "there is no absolute privilege for confidential information" and CallFire's objection does not justify withholding these documents. *Hill v. Eddie Bauer*, 242 F.R.D. 556, 561 (C.D. Cal. 2007) (citing, e.g., *Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 (1979) ("courts have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against the need for disclosure"; quoting Fed. R. Civ. P. 26(c) advisory committee's note on 1970 amendment)). In any event, the originating Court has already entered a stipulated protective order ("SPO") for confidential information in this case. (*See* Parasmo Decl. ¶2.) The SPO "already entered in this case should be sufficient to address . . . concerns regarding confidentiality"; if there are legitimate concerns on that score, CallFire should "ask the court to strengthen" the SPO, rather than refusing to comply with the subpoena. *InTouch Techs., Inc. v. VGO Commc'ns, Inc.*, No. 11-9185, 2012 WL 7783405, *1 (C.D. Cal. Apr. 23, 2012). "Courts do not lightly assume that counsel will violate a protective order[.]" *Id. Cf. Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 617 (N.D. Cal. 2006) (where "stipulated protective order [is] in place, there is virtually no risk that [private information] will be disclosed").

### B. CallFire Has Failed to Demonstrate Complying With the Subpoena Entails Any Burden

CallFire's objection that the subpoena is "overbroad [and] unduly

Memorandum Supporting Motion to Compel CallFire      4

burdensome" is boilerplate and wholly without merit. (Parasmo Decl. ¶4.) "A party [objecting to a subpoena] on the grounds of undue burden [under Rule] 45(c)(3)(A)(iv) bears the burden of proof. . . . [That] burden is a heavy one," and cannot be sustained without "evidence pertaining to the time, cost, or inconvenience entailed in responding to [a subpoena.]" *In re Yassai*, 225 B.R. 478, 483-84 (Bankr. C.D. Cal. 1998) (multiple citations omitted). *See also In re Subpoena Duces Tecum*, 461 B.R. 823, 831 (Bankr. C.D. Cal. 2011) (witness's conclusory statement [that subpoena was "overly broad and unduly burdensome"], without an elaboration, is insufficient to defeat [subpoena]"); *Ferrell v. IBP, Inc.*, No. 98-4047, 2000 WL 34032907, at *1 (N.D. Iowa Apr. 28, 2000) ("burden to prove that a subpoena is unreasonable or oppressive rests upon the party seeking to quash or modify; "[m]ere assertions that compliance would be burdensome are insufficient to satisfy such a burden"; citations omitted); *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 696 (D. Nev. 1994) ("generalized and unsupported allegation of undue burden is not sufficient to prevent enforcement of the subpoenas"; boilerplate burdensome objection has "little credibility" without "a clearer explanation" of the burden).

     Plaintiffs are concerned about genuine and substantiated burdens that non-parties face in complying with Plaintiffs' subpoena, but Plaintiffs also obviously have a real need CallFire to produce the documents sought in their subpoena (or they would not have incurred the expense of serving the subpoena and enforcing it). Plaintiffs' Local Rule 37-1 offer asked CallFire to explain "the burden of production," so that Plaintiffs could "discuss limiting CallFire's production of CDRs to certain months (or perhaps even just the Plaintiffs' telephone numbers)." (Parasmo Decl. ¶8.) Again, CallFire ignored Plaintiffs' efforts to meet and confer. (*Id*. ¶¶4-8.) As it stands now, however, CallFire has abjectly failed to assert a valid objection based on burden. It seems unlikely CallFire could ever have asserted a valid objection based on burden. Plaintiffs expect CallFire's CDRs and the Google

email service which CallFire uses can be readily searched and exported to an appropriate format. But it is improper and prejudicial for CallFire to attempt supplement the record now. "Rule 45 requires the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game.'" *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) (quoting *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir.1998); punctuation omitted).

> Allowing a party to present objections . . . serially would be inefficient. [I]f a party were permitted to interpose [serial] objections . . . the party who propounded the discovery requests could be strung along indefinitely. The result would be unacceptable delay in the completion of discovery, the unnecessary expense of serial meetings between counsel, and the unnecessary burden of serial motions to compel.

*Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998) ("[o]bjections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for [initial] response"). *See also In re Toys R Us-Delaware, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litig.*, No. 08-1980, 2010 WL 4942645, *5 (C.D. Cal. July 29, 2010) ("By not establishing the basis for its burdensomeness objection at the time defendant asserted its objection, plaintiff was denied the opportunity to challenge the objection.")

### C. The Subpoena Seeks Relevant Documents

CallFire objects the CDRs are not relevant to the underlying litigation. (Parasmo Decl. ¶4.) This is simply incorrect; the underlying litigation is a Telephone Consumer Protection Act class action which encompasses calls Defendants made through CallFire's devices. Plaintiffs further note that the applicable standard of relevance here is "permissive." *See Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N.D. Cal. 2006) (relevance is "liberally construed to permit the discovery of information which ultimately may not be admissible at trial"). At a minimum, CallFire's objection fails to provide any explanation as to

how the CDRs are not relevant. *Cf. A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper"). *See also Hill*, 242 F.R.D. at 561 (rejecting "general or boilerplate relevancy objection[s]" which failed to "provide[] any explanation at all why [discovery] requests are not relevant"). Plaintiffs need these call detail records to effectively litigate their case. As a third party, CallFire is entitled to some degree of deference, but it also means it is not in a position to second-guess Plaintiffs about the relevancy of the discovery sought in the subpoena.[1]

### D.  Plaintiffs Have Not Been Able to Obtain the Same Information From Defendants

CallFire objects to the subpoena's second and third categories "because Plaintiff may obtain the requested documents from the Defendant." (Parasmo Decl. ¶4.) At the outset, "to the extent [CallFire] objects that [the subpoena] seek[s] information equally available to [a party], 'courts have unambiguously stated that this exact objection is insufficient to resist a discovery request.'" *Nat'l Academy of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (quoting *St. Paul Reinsurance Co., Ltd., CNA v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000)). And CallFire's non-party status does not change this analysis. "The administration of justice would not be aided . . . by a rule relieving [third parties] from giving particular evidence on the sole ground that they are not parties to the suit." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)

In any event, Plaintiffs endeavored to obtain these documents from

---

[1] CallFire's mistake as to the relevance of the CDRs is perhaps not surprising. CallFire "is not a party to the case and [is] in no position to be an arbiter of relevance therein." *Pivitol Colorado II, LLC v. Triple M Beteiligungs-GMBH & Co KG*, No. 07-01991, 2008 WL 349059, *2 (D. Colo. Feb. 6, 2008). *See also Cooney v. Sun Shipbuilding & Drydock Co.*, 288 F. Supp. 708, 717 (E.D. Pa. 1968) ("having no interest in the outcome of the case, arguments as to 'relevancy' and 'materiality' are not appropriate concerns to . . . witnesses" who receive a subpoena).

Defendants for over a year, and have been unable to do so. (Parasmo Decl. ¶3.) It seems Defendants either object to producing responsive documents, have been unable to locate them, or are simply unwilling to produce them in a workable timeframe. (*Id.*) Additionally, Plaintiffs have encountered difficulties verifying the integrity of certain documents produced by Defendants, and securing clear and definitive responses to other discovery: an independent production from CallFire would assist Plaintiffs in independently verifying the integrity of Defendants' production. (*Id.*)

> [T]here is no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in defendants' possession. . . . [I]n appropriate circumstances, production from a third party will be compelled in the face of an argument that the "same" documents could be obtained from a party, because there is reason to believe that the files of the third party may contain different versions of documents, additional material, or perhaps, significant omissions.

*Viacom Int'l, Inc. v. YouTube, Inc.*, No. 08-80129, 2008 WL 3876142, *2-3 (N.D. Cal. Aug. 18, 2008) (quoting *Visto Corp. v. Smartner Info. Sys., Ltd.*, Nos. 06-80339, 2007 WL 218771, *3 (N.D. Cal. Jan. 29, 2007); compelling compliance with subpoena where there was no "reason to believe that [defendant] retained all communications and documents shared" with witness receiving subpoena). *See also Brown v. City of Syracuse*, 648 F. Supp. 2d 461, 466 (N.D.N.Y. 2009) ("whether there are other sources for obtaining the material" is factor in assessing undue burden from subpoena); *Ambu, Inc. v. Kohlbrat & Bunz Corp.*, No. 99-20, 2000 WL 17181, *7 (W.D.N.C. Jan. 6, 2000) (subpoena enforced where plaintiffs did "seek [subpoenaed] information from a party before resorting to third parties," but "the answers received were incomplete and evasive"). While Plaintiffs would have preferred to obtain these documents from Defendants in the first place, that option is no longer available. Likewise, Plaintiffs believe CallFire has additional information which is unique to CallFire, and would not be available from Defendants in any event.

**V.     Conclusion**

The Court should order CallFire to comply with Plaintiffs' subpoena in its entirety. CallFire has obstructed and ignored the meet and confer process, and its objections are boilerplate and lack merit.

Dated: July 14, 2017          By:   /s/Ethan Preston
David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, CA 90405
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
Grace E. Parasmo (SBN 308993)
gparasmo@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, CA 90046
Telephone: (917) 657-6857
Facsimile: (877) 501-3346

Ethan Preston (SBN 263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiffs Lynn Slovin, Samuel Katz, Jeffery Price, and Justin Birkhofer, on their own behalf, and on behalf of all others similarly situated*